UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS PHILLIPS, et al.,

    Plaintiffs,

v.

CAPITAL INTERNAL MEDICINE
ASSOCIATES, P.C., et al.,

    Defendants.
_____/

Case No. 1:23-cv-429

Hon. Hala Y. Jarbou

## **OPINION**

    This is an action bringing federal and state claims against a doctor and his employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Michigan state equivalent. Plaintiffs, a nurse practitioner and a doctor, both of whom worked with or for Defendants, bring suit on counts of assault, battery, hostile work environment, and intentional infliction of emotional distress. Before the Court is a motion to set aside the default (ECF No. 16) entered against the individual defendant, Joseph Kozlowski. For the reasons stated below, the Court will grant the motion.

### **I. BACKGROUND**

    Plaintiffs Alexis Phillips and Sarah Denham worked at Capital Internal Medicine Associates ("CIMA") between October 2018 and October 2022. (Compl. ¶¶ 14, 222.) Denham is still employed as a primary care physician at CIMA, while Phillips, a nurse practitioner, has since left the practice. Their allegations stem from their interactions with another doctor at CIMA, Joseph Kozlowski. Over the course of four years, Phillips, especially, claims she was subject to verbal and sometimes physical harassment at Kozlowski's hands, beginning when she was a

student at CIMA under his supervision. Denham, too, claims Kozlowski made inappropriate comments towards her; however, her primary allegations revolve around her efforts to push CIMA leadership to discipline Dr. Kozlowski. Despite relaying detailed descriptions of harassment and inappropriate behavior directed at her and others, Denham says she was consistently rebuffed or ignored.

On April 27, 2023, Phillips and Denham filed a complaint against CIMA and Kozlowski bringing claims under Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act ("ELCRA") – the Michigan analogue to Title VII. The complaint details six counts against Dr. Kozlowski: 1) sex discrimination in violation of Title VII, 2) sex discrimination in violation of the ELCRA, 3) hostile work environment under Title VII, 4) hostile work environment under the ELCRA, 5) assault and battery, and 6) intentional infliction of emotional distress. (Compl. ¶¶ 225-274.)

CIMA filed a timely answer to the complaint (ECF No. 7). Dr. Kozlowski, on the other hand, did not. He was served by Plaintiffs on June 9, 2023; however, the summons was botched. Although the caption listed him as a defendant in the action, it was addressed to CIMA alone. (Summons, ECF No. 16-3, PageID.181.) Below the caption, in the section marked "Proof of Service," CIMA was again listed as the recipient for the summons. Likely recognizing the mistake, the process server – or someone else – crossed out "Capital Internal Medicine Associates P.C." and scrawled "Joseph Kozlowski" above it in pen. *Id.* Despite the sloppy nature of the document, court rules dictated that Kozlowski had until June 30 – twenty-one days from service – to respond. (Summons.) When no answer came by the 30th, Plaintiffs moved for an entry of default as to Kozlowski on July 3, 2023. (Appl. for Entry of Default, ECF No. 12.) The clerk entered the

2

default that same day.  (Default, ECF No. 14.)  On July 20, 2023, Kozlowski filed a motion to set aside the default.

## II. LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure requires that a plaintiff serve a defendant with a summons and a copy of the complaint.  "Service requirements are more than mere technicalities, they also implicate due process." *Savoie v. City of East Lansing*, No. 21-2684, 2022 WL 3643339, at *2 (6th Cir. Aug. 24, 2022) (citing *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).  Therefore, courts hold plaintiffs to a high standard for service of process, requiring "more than just actual knowledge of the action by a defendant." *Id.* Without proper service, a court may not exercise personal jurisdiction over a defendant, and any ruling made by the court as to that party is void.  *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

When a summons and complaint are properly served on a party, that party must answer or respond within the time provided by Rule 12 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(a)(1).  If the defendant fails to respond, then the plaintiff may submit an application for entry of a default with the clerk of court.  *See* Fed. R. Civ. P. 55(a).  A party against whom a default is entered may move to have the default set aside under Rule 55(c).  The Court "may set aside an entry of default for good cause."  Fed R. Civ. P. 55(c).

## III. ANALYSIS

Kozlowski argues that the default entered against him should be set aside on two bases. First, that the Court never obtained personal jurisdiction over him because Plaintiff's service of process was fatally defective under Rule 4, and any ruling made by the Court against him is therefore void.  Second, that there is good cause for the Court to set aside the entry of default

3

against him under Rule 55(c). It is not necessary to address Kozlowski's "good cause" argument because the Court concludes that it lacks personal jurisdiction over him.

### A. Plaintiffs' Service of Process was Insufficient and the Court Lacks Personal Jurisdiction

Courts may only exercise personal jurisdiction over a defendant who has been properly served. *See Omni Capital*, 484 U.S. at 104. Rule 4(a)(1) lays out the necessary contents of a proper summons. One requirement is it must "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Kozlowski argues that because his summons was directed to CIMA in the caption, and only indirectly named him elsewhere in the document, the service was constitutionally deficient.

Courts are divided on how strictly to hold plaintiffs to the requirements of Rule 4(a). *Compare Birch v. Sprint/Nextel Corp.*, No. 15-cv-01901, 2016 WL 8652260, at *3 (D. Colo. May 17, 2016) (holding that naming the wrong defendant in a summons did not invalidate service of process when the defendant had actual notice of the suit against him) *with Hampton v. McMillin*, No. 3:09-cv-406, 2010 WL 3167885, at *1 (S.D. Miss. July 6, 2010) (holding that process was insufficient when plaintiff named the wrong party) *and Gartin v. Par Pharm. Cos., Inc.*, 289 F.App'x 688, 691 n.3 (5th Cir. 2008) (indicating that the sufficiency of service of process may be challenged where a plaintiff fails to name the party being served).

The Sixth Circuit has never directly addressed this issue; however, as previously discussed, it has ruled that compliance with the requirements of Rule 4 is no mere technicality. In *Friedman*, the court considered whether an action should have been dismissed for lack of personal jurisdiction where the defendant never returned an acknowledgment of service despite agreement between the parties that the defendants were aware of the suit and did not suffer prejudice as a result of the defective process. *Friedman*, 929 F.2d at 1155. In holding that the district court erred by failing

to dismiss the action, the court reasoned that, "[d]ue to the integral relationship between service of process and due process requirements . . . actual knowledge of an action" is no cure for "a technically defective service of process." *Id.* at 1156. The Court in *Friedman* did not consider how this principle applied to Rule 4 (a)(1), but its reasoning aligns with holdings in other circuits in which the failure to follow each of the requirements of Rule 4(a)(1)(A)-(G) "is fatal to the plaintiff's case." *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.2d 565, 569 (3d Cir. 1996) (dismissing a case when the summons was not signed and sealed by the clerk as required by Rule 4(a)(1)(F) and (G)).

Courts in this Circuit have interpreted *Friedman* to impose a strict reading of Rule 4 (a)(1) on plaintiffs. For example, in *In re Bavelis*, 453 B.R. 832 (Bankr. S.D. Ohio 2011), a bankruptcy court in Ohio considered whether it was appropriate to exercise personal jurisdiction over defendants who had not been named in the plaintiff's summons. Relying on *Friedman*, it concluded that Sixth Circuit precedent supported the notion that "a defendant who is not named in [a] summons has not effectively been served and service of process on that defendant, as well as the process itself, is therefore insufficient." *Id.* at 862. The court in *Bavelis* ultimately held that it lacked personal jurisdiction over the unnamed defendants and instructed the plaintiff to correct their pleadings and re-serve the defendants. *Id.* at 865.

Here, as in *Bavelis*, whether or not Defendant Kozlowski had actual notice of the lawsuit, the summons was defective. Rule 4(a)(1)(B) requires that a summons be "directed to the defendant." Although Kozlowski is named as a defendant in the caption of the summons, the "TO" section of the caption only names CIMA. *Id.* Kozlowski is further named underneath the caption in pen over the crossed-out name of his co-defendant. (Summons, PageID.181.) However, that section concerns the process server, not the party to be served, and it does not clearly state that

5

the summons is "directed to" Kozlowski.  Although Kozlowski might have been able to glean who the defendants were supposed to be from the contents of the complaint and the context of the summons, Rule 4(a)(1)(B) requires more explicit language.

Plaintiffs contend that this case is distinguishable from *Bavelis*.  They point to *Conner-Cooley v. AIG Life Brokerage*, 282 F.R.D. 431 (E.D. Wis. 2012), as a more appropriate comparison.  In *Conner-Cooley*, the court entered a default and default judgment against a defendant who never responded to the plaintiff's complaint which clearly identified the intended defendant.  In seeking to have the defaults set aside, the defendant-corporation argued that service was defective because the plaintiff had named "AIG Life Brokerage" in the summons rather than the more appropriate "American General Life Companies LLC."  *Id.* at 435.  The court held for the plaintiffs on the basis that "service is proper despite a misnomer" if the complaint is "not susceptible to any reasonable doubt or confusion about who it was the plaintiff intended to sue." *Id.* (citing *Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir. 1977)).

Plaintiff's reliance on *Conner-Cooley* is unavailing. As indicated above, different circuits treat Rule 4 differently.  Some allow plaintiffs more leeway.  *See, e.g.*, *United Food & Commercial Workers Union, Locals 197, et al. v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) ("Rule 4 is a flexible rule which is liberally construed to uphold service as long as defendant receives sufficient notice of the complaint.")  The Seventh is one such circuit.  In *Conner-Cooley*, the Wisconsin district court followed Seventh Circuit precedent that emphasizes the importance of actual knowledge of a suit over technical compliance with Rule 4.  *See Tremps*, 561 F.2d at 44 ("A defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them.").  The holding in *Conner-Cooley* was based, in large part, on the

premise that the misnaming in that case did not create "any reasonable doubt or confusion" about who the plaintiff intended to sue. *Conner-Cooley*, 282 F.R.D. at 435. In contrast, the holding in *Friedman* suggests that such considerations are not relevant, and the vast majority of courts in this Circuit downplay the importance of actual knowledge and instead emphasize the significance of process. *See, e.g.*, *Bavelis*, 453 B.R. at 63; *PNC Mortg. v. Rhiel*, Nos. 2:10-cv-578, 2:10-cv-579, 2011 WL 1043949, at *5 (S.D. Ohio Mar. 18, 2011); *Ohio ex rel. Dewine v. Superior Fibers, Inc.*, No. 2:14-cv-1843, 2017 WL 6055159, at *4-5 (S.D. Ohio Dec. 7, 2017); *Arthur v. Litton Loan Servicing LP,* 249 F. Supp. 2d 924, 927 (E.D. Tenn. 2002); *Engler v. Arnold*, No. 4:14-cv-2442, 2015 WL 4213642, at *2 (N.D. Ohio July 10, 2015).

Even if the Sixth Circuit followed the body of law that emphasized actual knowledge, the result may well be the same. Unlike the defendant in *Conner-Cooley*, Kozlowski proffered evidence that he was unsure of the intended defendant to this suit. *See Conner-Cooley*, 282 F.R.D. at 435 ("[Defendant] does not, for example submit an affidavit from [its lawyer] stating that when it received the summons and complaint it could not determine which, if any, of its clients plaintiffs intended to sue."). Kozlowski submitted such an affidavit stating that "my delay in answering the Complaint was . . . partially due to the confusion over the summons." (Kozlowski Aff. ¶ 4, ECF No. 16-2.) Therefore, it would be reasonable to conclude that the technically defective summons had a real-world impact on Kozlowski's actual knowledge of Plaintiffs intent to bring suit against *him*. Thus, this summons provided insufficient process even under a laxer standard than Sixth Circuit precedent demands.

## IV. CONCLUSION

The Court concludes that Plaintiffs failed to provide sufficient service of process to Kozlowski because their summons did not comply with Rule 4(a)(1)(B). As a result, the default entered against Kozlowski will be set aside. Plaintiffs have thirty (30) days to correct their error

and serve Kozlowski with a summons and complaint that complies with the requirements of Rule 4.  The Court will enter an Order consistent with this opinion.

Dated: December 7, 2023                              /s/ Hala Y. Jarbou
                                                                        HALA Y. JARBOU
                                                                        CHIEF UNITED STATES DISTRICT JUDGE